# UNITED STATES CIRCUIT COURT.

SEABURY & JOHNSON agt. JOHN M. GROSVENOR.

*Trade-mark — Fraudulent representation.*

Courts of equity refuse to interfere in behalf of persons who claim property in a trade-mark, acquired by advertising their wares under representations which are false.

*June,* 1877.

THIS suit was brought by Seabury & Johnson, plaintiffs, for an injunction against John M. Grosvenor, for an alleged infringement of a trade-mark.

The alleged trade-mark was claimed by Seabury & Johnson to consist of the word "capcine," as used in their "Benson's Capcine Plasters." The evidence showed that, prior to commencing this suit, Seabury & Johnson had falsely represented, in their circulars accompanying their plasters, that they were made of "capcine," and that "capcine" was "a vegetable principle of great value, recently discovered by a celebrated chemist," &c., the truth being that there was, and is, no such word or substance as "capcine" in chemistry or medicine, or otherwise, while "capsicin," the word used by the defendant Grosvenor, is the name of a real substance well known in chemistry and medicine.

*R. Cox,* for plaintiffs.

*J. W. Howe,* for defendant.

Seabury agt. Grosvenor.

BLATCHFORD, *J.* — The evidence is clear that the plaintiffs were systematically and knowingly carrying on a fraudulent trade. Although they may have omitted the fraudulent and deceptive and untrue language from their circulars before this suit was commenced, yet if they have any property in the trade-mark which they claim title to, they acquired such property by the use, for a considerable time, of such language in the circulars which accompanied the articles they sold, and in respect to which the trade-mark is claimed. Such language was to the effect that "a celebrated chemist had recently discovered a vegetable principle of great value, and prior to making it generally known had introduced it into hospitals, and had generously extended its use to the most successful physicians; that the flattering and astonishing results which characterized its action, at once stamped it as the most remarkable principle ever discovered; that this powerful remedy was named capcine, and that it was used in plasters prepared by the plaintiffs, and called Benson's Capcine Plasters." A registered trade-mark is claimed in the word "capcine." Courts of equity refuse to interfere in behalf of persons who claim property in a trade-mark acquired by advertising their wares under such representations as those above cited, if they are false. It is shown that there is no such article as capcine known in chemistry or medicine, or otherwise. The authorities are clear that in a case of this description a plaintiff loses his right to claim the assistance of a court of equity (*Lee* agt. *Haley*, L. R., 5 *Chy. App. Cas.*, 159; *Leather Cloth Co.* agt. *American Leather Cloth Co.*, 4 *De G., J. & S.*, 142).

The motion for an injunction is denied.